UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HYATT CORPORATION,

Interpleader Plaintiff,

-against-

WORTHI AGENCY, INC. and
LIBERTY FUNDING SOURCE LLC,

Interpleader Defendants.

Civ. ______ ( ) ( )

**INTERPLEADER COMPLAINT**

Interpleader Plaintiff Hyatt Corporation ("Hyatt"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1335, 1397 and 2361, brings this Interpleader Complaint against Worthi Agency Inc. ("Worthi") and Liberty Funding Source LLC ("Liberty," and collectively with Worthi, the "Claimants") to resolve Claimants' conflicting and competing claims to $27,500 (the "Stake") allegedly owed by Hyatt, and states as follows:

## THE PARTIES

1. Interpleader Plaintiff Hyatt Corporation is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Illinois. Accordingly, Hyatt is a citizen of Delaware and Illinois for purposes of diversity jurisdiction.

2. Interpleader Defendant Worthi is a corporation incorporated under the laws of California and maintains its principal place of business at 7095 Hollywood Blvd., Suite 2057, Hollywood, CA 90028. Accordingly, Worthi is a citizen of California for purposes of diversity jurisdiction.

3. Upon information and belief, interpleader Defendant Liberty is a limited liability company organized and existing under the laws of New York and maintains its principal place of

business at 180 Maiden Lane, New York, New York 10038. Accordingly, upon information and belief, Liberty is a citizen of New York for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335(a) because Claimants are minimally diverse (as the two adverse Claimants are citizens of different States), and the sum at issue exceeds $500.

5. Hyatt is prepared to deposit the disputed Stake into the registry of the Court.

6. Pursuant to 28 U.S.C. § 2361, this Court may issue process sufficient to bring before the Court all claimant defendants in any district.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1397 because one or more of the claimants—Liberty—resides in the Southern District of New York ("Any civil action of interpleader … may be brought in the judicial district in which one or more of the claimants reside.").

## GENERAL ALLEGATIONS

8. On or about April 23, 2026, Hyatt entered into a Master Services Agreement (the "MSA") with Worthi, pursuant to which Worthi agreed to provide certain marketing and advertising services to Hyatt. *See* **Exhibit A**.

9. Contemporaneously with the MSA, on or about April 23, 2026, Hyatt and Worthi executed Statement of Work No. 1 (the "SOW") for services described as "Hyatt Centric Social Strategy + Playbook," with total compensation for services agreed to as $55,000. *See* **Exhibit B**.

10. Pursuant to the MSA and SOW, compensation was to be paid in installments. Hyatt has already paid Worthi $27,500.

11. On or about June 2, 2026, Worthi issued an invoice to Hyatt for the remaining amount due—$27,500—with payment due on or before August 1, 2026 (“Invoice”). *See* **Exhibit C**.

12. Separately, upon information and belief, Worthi, as well as Worthi Ventures LLC, d.b.a. Worthi Strategies entered into two Future Receipts Sale and Purchase Agreements (“FRSAPAs”) with Liberty Funding Source LLC, the first being dated March 23, 2026, and the second being dated April 16, 2026. *See* **Composite Exhibit D.**

13. On or about June 5, 2026, Liberty caused a UCC-1 Financing Statement to be filed with the California Secretary of State listing Worthi Ventures LLC and Worthi Agency, Inc. as Debtors and covering, *inter alia*, “all presently owned and hereinafter acquired accounts and general intangibles, and all proceeds thereof.” *See* Exhibit D.

14. On or about June 12, 2026, Liberty’s legal counsel sent a UCC Lien Notice to Hyatt demanding that all accounts and payment intangibles owed by Hyatt to Worthi be paid directly to Liberty. *See* **Exhibit E**.

15. On or about August 20, 2026, Liberty’s legal counsel sent a second Notice and Demand to Hyatt, reiterating the demand for all payments owed by Hyatt to Worthi to be redirected to Liberty. *See* **Exhibit F**.

16. While the total amount Worthi allegedly owes to Liberty as of August 20, 2026 was $399,869.37, the total amount of the Stake held by Hyatt, pursuant to the MSA, SOW and Invoice is $27,500. *See* Exhibits A, B, and C.

17. Both Worthi and Liberty have made or may make claims to the Stake. Worthi claims entitlement to payment under the MSA and SOW as the contracting party that performed

services for Hyatt. Liberty claims entitlement to the same funds pursuant to the FRSAPAs and UCC filings, asserting a security interest in Worthi's accounts receivable.

18. Hyatt is a disinterested stakeholder with respect to the Stake. Hyatt claims no interest in the Stake other than that of a stakeholder who cannot determine to whom payment should properly be made without risk of multiple liability.

19. Hyatt faces the threat of multiple liability and inconsistent obligations because it cannot safely pay either Worthi or Liberty without the risk of subsequent claims and litigation by the other. Liberty has expressly threatened litigation if Hyatt fails to redirect payment, and Worthi claims entitlement to the same funds under the MSA and SOW.

**AS AND FOR A FIRST CLAIM**
**Interpleader**

20. Hyatt incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. Hyatt is in possession of or obligated to pay the Stake, to which the adverse Claimants have made or may make competing claims.

22. Hyatt is a disinterested stakeholder with no claim to the Stake and no interest in the outcome of the dispute between the adverse Claimants.

23. Hyatt cannot determine with safety to which claimant the Stake is properly owed, and faces the risk of multiple liability if it pays one claimant to the exclusion of the other.

24. Hyatt is prepared to deposit the Stake into the registry of the Court so the Court may conduct proceedings to determine the proper disposition of the Stake in accordance with 28 U.S.C. § 1335.

25. Hyatt seeks an order (a) directing it to deposit the Stake in the Court's registry, (b) discharging Hyatt from all further liability to any and all Claimants with respect to the Stake, (c)

dismissing Hyatt from this action with prejudice, and (d) enjoining the Claimants from commencing or prosecuting any action against Hyatt with respect to the Stake.

## AS AND FOR A SECOND CLAIM
**Recovery of Attorneys' Fees and Costs**

26. Hyatt incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. Hyatt is an innocent stakeholder that has been forced to bring this interpleader action solely because of the competing claims made against it by the adverse Claimants.

28. Hyatt has been compelled to retain counsel and incur attorneys' fees, expenses, and costs in connection with the filing and prosecution of this interpleader action.

29. Hyatt seeks an order allowing recovery of its attorneys' fees, expenses, and costs associated with this interpleader action from the Stake or from the adverse Claimants, as the Court deems appropriate, and such fees should be a first charge upon the Stake.

## PRAYER FOR RELIEF

WHEREFORE, Interpleader Plaintiff Hyatt Corporation respectfully requests that this Court enter an Order:

(a) Determining that this is a proper case for interpleader under 28 U.S.C. § 1335;

(b) Allowing Hyatt to deposit the Stake into the registry of the Court;

(c) Enjoining and restraining Claimants from instituting or further prosecuting any proceeding in any state or federal court affecting the Stake, pursuant to 28 U.S.C. § 2361;

(d) Discharging Hyatt from any and all further liability to the Claimants and to all persons claiming through them with respect to the Stake;

(e) Dismissing Hyatt from this action with prejudice upon deposit of the Stake into the registry of the Court;

(f) Awarding Hyatt its reasonable attorneys' fees, expenses, and costs incurred in connection with bringing this interpleader action, to be paid from the Stake or as otherwise directed by the Court; and

(g) Granting such other and further relief as this Court deems just and equitable.

Dated: New York, New York
September 14, 2026

Respectfully submitted,

/s/ Marc L. Antonecchia
Marc L. Antonecchia
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
(212) 513-3530
marc.antonecchia@hklaw.com

Joshua C. Prever (*pro hac vice* application forthcoming)
Megan Ehrhart (*pro hac vice* application forthcoming)
HOLLAND & KNIGHT LLP
515 East Las Olas Boulevard Suite 1200
Fort Lauderdale, FL 33301
(954) 468-7826
joshua.prever@hklaw.com

*Counsel for Interpleader Plaintiff Hyatt Corporation*